# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BRAD FINLEY, RYAN FINLEY and** | ) | |
| **PERRY QUALITY SERVICES, INC.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-CV-397-CVE-PJC** |
| | ) | |
| **NOBLE SOKOLOSKY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>OPINION AND ORDER</u>

Before the Court for determination is Plaintiffs' Motion for Limited Discovery Under Rule 56(f) Before Responding to Defendant's Combined Motion to Dismiss, Motion for Summary Judgment and Suggestion of Core Bankruptcy Court Jurisdiction [Dkt. No. 21]. The Court heard argument on this motion on Oct. 14, 2009. For the reasons set forth below, the motion is DENIED.

### *Background*

This matter has an extensive litigation history which I will summarize briefly.

Atlas Computers, Inc. ("Atlas") was a company owned by Milos Milkenovic. Perry Quality Services ("PQS") was a company owned by the Plaintiffs Brad and Ryan Finley (together, "Finleys"). At least as early as 2002 Atlas and the Finleys pursued common business interests. By 2004, however, disagreements arose between the Finleys and Atlas. Noble Sokolosky began

1

loaning Atlas money in 2003, pursuant to loan agreements and security

agreements.  Litigation between the Finleys and Atlas began in 2004.

1.   On March 10, 2004, the Finleys sued Atlas and others in Tulsa County District Court, Case No. CJ-2004-01632, alleging, among other things, conversion.  The case was dismissed involuntarily on April 27, 2004.

2.   On August 3, 2004, the Finleys and PQS sued Atlas in Tulsa County Case No. CJ-2004-04838, alleging essentially the same claims as in the March 2004 lawsuit – allegedly improper transfer of assets from PQS to Atlas.  Plaintiffs voluntarily dismissed the case without prejudice on Oct. 9, 2007.  Plaintiffs did not seek to recommence these claims before Oct. 9, 2008.[1]

3.   On June 4, 2007, Noble Sokolosky ("Sokolosky") filed a collection action against Advanced Networking Systems, Inc. in Rogers County Case No. CJ-2007-342 (hereafter, the "Collection Case").[2]  This suit was based largely on the loan and security agreements between Sokolosky and Atlas described above.  Attorney Tom Ferguson of Doerner, Saunders, Daniel and Anderson represented Advanced Networking Systems and Atlas in that case.  Judgment for more than $735,000.00 was entered in favor of Sokolosky on June 5, 2007 and an Amended Judgment Nunc Pro Tunc was entered on June 6, 2007.  ( Ex. A to Dkt No. 10).  Subsequently, the Finleys and PQS sought to vacate the Judgment on the grounds that the Rogers County Court lacked jurisdiction and that the Judgment was obtained through fraud.  The motion was denied.

4.   On August 28, 2007, Atlas filed for protection under the Bankruptcy Code in the Northern District of Oklahoma Bankr. No. 07-11665-M.  Steven Soule is the Trustee for Atlas.

5.   The instant case was filed on May 27, 2009.  The Finleys and PQS sued Sokolosky in Rogers County Court Case No CJ-2009-412, seeking to vacate the Judgment entered in the Collection Case and alleging other

---

[1]     Pursuant to 12 O.S. § 100, Plaintiffs had one year in which to recommence or re-file.

[2]     Atlas apparently registered a trade name of "Advanced Networking Systems, Inc." with the Oklahoma Secretary of State on June 1, 2007.  The lawsuit named Advanced Networking Systems, Inc. in the caption of the case, but named Atlas as the Defendant in the body of the Petition.

claims against Sokolosky.  Attorney Tom Ferguson of Doerner, Saunders, Danile and Anderson represents Sokolosky in this action. On June 22, 2009, Sokolosky removed the case to this Court asserting federal question jurisdiction on the ground that the action was "related to" or even a "core proceeding" with respect to the Atlas bankruptcy. Plaintiffs have filed a Motion to Remand [Dkt. No. 16] and Defendant has filed a Combined Motion to Dismiss, Motion for Summary Judgment, and Suggestion of Core Bankruptcy Court Jurisdiction (the "Combined Motions") [Dkt. No. 10].

In the Motion for Limited Discovery Plaintiffs seek 45 days to conduct discovery in order to respond to Defendant's Combined Motions – especially the Motion for Summary Judgment.

### Motion for Limited Discovery Under Rule 56(f)

Included in Defendant's Combined Motions that were filed on June 29, 2009, was a Motion for Summary Judgment addressed to Plaintiffs' contention that jurisdiction and venue were improper in the Rogers County District Court when it entered Judgment in the Collection Case.  Defendant bases this motion on four allegedly undisputed material facts:

1. *Noble Sokolosky v. Advanced Networking Systems, Inc.*, Case No. CJ-2007-342 was filed on June 4, 2007, in the District Court of Rogers County, State of Oklahoma.  *See* OSCN Docket, submitted as Exhibit A.[3]

2. Advanced Networking Systems, Inc., is registered with the Oklahoma Secretary of State as a trade name for Atlas Computers, Inc.  Milenkovic Affidavit, ¶ 3, submitted as Exhibit D.

3. Milos Milenkovic was President of Atlas Computers on June 4, 2007, Milenkovic Affidavit, ¶ 5, submitted as Exhibit D.

4. Mr. Milenkovic was a resident of Rogers County on June 4, 2007.  *See* Milenkovic Affidavit, ¶ 6, submitted as Exhibit D.

---

[3]     The references are to Exhibits attached to Defendant's Combined Motions.

(Combined Motions, Dkt. No. 10, pp. 2-3, filed June 29, 2009).

The Material Facts are matters that should be capable of rebuttal – if at all – in fairly short order.  It is difficult to see why extensive discovery would be needed.  Indeed, at the Oct. 14 hearing Plaintiffs' counsel conceded that there was no dispute over the first fact nor any dispute as to the fact of registration or licensing of the name Advanced Networking Systems, Inc.  (Counsel did state that Plaintiffs dispute the legal validity of the registration.)  The remaining facts regarding Milos Milenkovic would not require extensive exploration.  Indeed, on July 17, 2009, Plaintiffs filed an unopposed motion for an additional seven days – until July 24, 2009 – to "fully and completely respond" to the Combined Motions. Obviously, Plaintiffs did not see anything about Defendant's motion at that time that would require extensive discovery.

Plaintiffs were granted the requested extension of time.  [Dkt. No. 15]. However, Plaintiffs used this additional time to file a Motion to Remand and then requested they be given a further indefinite extension of time "until after the Court rules on the Plaintiffs' Motion to Remand" before having to respond to the Combined Motions.  [Dkt. No. 18].  The Court denied the second extension finding that "it was improper for plaintiffs to use an extended response deadline to file a motion to remand and then use the motion to remand as a basis to request an indefinite extension of the previously-extended response deadline." [Dkt. No. 20, p. 2].  The Court then noted:

4

> The Court finds it unlikely but, if plaintiffs find that some discovery is necessary, the Federal Rules of Civil Procedure provide a mechanism for limited discovery to respond to a motion for summary judgment, even if a scheduling order has not been entered.

*Id.*

> Rule 56(f) provides:
>
> **(f) When Affidavits Are Unavailable.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> **(1)** deny the motion;
>
> **(2)** order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> **(3)** issue any other just order.

Fed. R. Civ. P. 56(f).

A party seeking the protection of Rule 56(f) must state by affidavit the reasons why he is unable to present the necessary opposing material. 10B Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2740. While the affidavit need not set forth the evidentiary facts needed to oppose the summary judgment motion, it must explain why these facts cannot yet be presented. *Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992). "This includes the probable facts not available and what steps have been taken to obtain these facts." *Id.* The party "also must explain how the additional time will enable him to rebut movant's allegations of no genuine issue of material fact." *Id.* (quoting *Meyer v. Dans un Jardin, S.A.*, 816 F.2d 533, 537 (10th Cir. 1987)); *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260 1264 (10th Cir. 1984). The motion should be "liberally treated"; however, a Rule 56(f)

motion will not be granted if the party seeking relief has been dilatory or the motion lacks merit. *Committee for First Amendment*, 962 F.2d at 1522. The party seeking relief under Rule 56(f) may not rely on vague assertions that additional discovery will produce needed, but unspecified, facts. *Wallace v. Brownell Pontiac-GMC Co., Inc.*, 703 F.2d 525, 527 (11th Cir. 1983).

The Court finds multiple defects with Plaintiffs' motion. First, the motion misrepresents Plaintiffs' intentions. Plaintiffs ask that the Court "1) deny the Combined Motions; 2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or 3) issue any other just order. The Plaintiffs request the Court permit Plaintiffs to conduct *limited discovery* and grant an extension of time of 45 days in which to complete such *limited discovery*." (Motion for Limited Discovery, Dkt. No. 22, p. 13) (emphasis added). In fact, what Plaintiffs seek is 45 days of *unlimited* discovery. At the Oct. 14 hearing the Court asked Plaintiffs' counsel to identify generally what discovery was needed to refute the four material facts Defendant's motion for summary judgment is based on. Counsel made it clear that there was nothing limited about the requested discovery. Plaintiffs seek to serve interrogatories and document requests and take multiple depositions. There was nothing in Plaintiff's presentation to the Court that indicated any limitations on the planned discovery. Thus, the fundamental premise of their motion is flawed.

In addition, the affidavits submitted in support of Plaintiffs' motion are legally insufficient on their face. They wholly fail to meet the standard set forth in *Committee on First Amendment*, 962 F.2d at 1522. The affidavits list sources of information Plaintiffs claim are needed to oppose Defendant's motion, but they say nothing about what effort

has been made to secure this information, why the information is necessary and what has prevented Plaintiffs from securing it by now.  Thus, the affidavits are legally insufficient to support Plaintiffs' motion.

Furthermore, Plaintiffs have been dilatory in obtaining and reviewing evidence readily available to them.  For example, Plaintiffs state that they need the corporate records of Atlas to respond to the summary judgment motion.  (Dkt. No. 22, Ex. F).  Atlas' corporate records have been in the possession of the bankruptcy Trustee for some time, yet Plaintiffs' counsel stated he has made no effort to review them.  Plaintiffs' counsel indicated he wants to depose Sokolosky, but Plaintiffs have had that opportunity for more than six months in the Atlas bankruptcy proceeding and have failed to pursue it.

The Statement of Material Facts supporting Sokolosky's summary judgment motion is quite short and the facts do not require a massive discovery undertaking.  Two of the facts state that that Milos Milenkovic was President of Atlas on June 4, 2007, and that he was a resident of Rogers County on June 4, 2007.   Plaintiffs disbelieve both of these assertions.  Whatever the basis for that disbelief, it would not require 45 days of discovery to explore these two simple facts.  Indeed, Milenkovic has already been deposed by the bankruptcy Trustee *and* Plaintiffs' counsel in the Atlas bankruptcy case.  Plaintiffs' counsel engaged in extensive questioning of Milenkovic at that time.  Milenkovic testified that he was the president of Atlas and that he resided in Rogers County at the time of the Collection Case.  (Ex. A to Dkt. No. 31, p. 107, lines 14-20 & p. 108, Lines 13-14).  Plaintiffs' counsel elicited an estimated 140 pages of testimony from Milenkovic and clearly has an opportunity to explore these issues with the witness.  Land records would indicate Milenkovic's place of residence and the Atlas corporate records

would disclose whether he was president of the company.  Plaintiffs offer no explanation as to why these paths have not been explored.

Finally, Plaintiffs have implied that they have been stonewalled in their discovery efforts.  They indicated to the Court that Sokolosky refused to answer questions posed by Plaintiffs' counsel at his Rule 2004 examination on March 27, 2009, in the Atlas bankruptcy case.  According to Plaintiffs:  "During that deposition, Attorney Wilkinson attempted to participate by posing questions to Witness Sokolosky, but the witness refused to answer any questions."  (Dkt. No. 38, p.2).  Plaintiffs offer nearly a page of deposition transcript in which Wilkinson posed various questions and Sokolosky made no response.  *Id.*

The implication was that Sokolosky had refused to participate in a legitimate discovery effort by Attorney Wilkinson.  That was not an accurate portrayal of the facts. Plaintiffs failed to disclose that their request to question Sokolosky at that examination had been denied by the Bankruptcy Court the day before the examination.  Sokolosky's deposition was an agreed examination pursuant to Bankruptcy Rule 2004.  On March 25, 2009, two days before the scheduled examination, Plaintiffs sought leave to participate in the questioning of Sokolosky.  (*In re Atlas Computers, Inc.*, Bankr. Case No. 07-11665-M, Dkt. No. 32).  The following day Bankruptcy Judge Terrence Michael denied Plaintiffs' request on multiple grounds:

1.  Counsel for Sokolosky was not served with a copy of the Motion.

2.  Plaintiffs' Motion offered no authority for their position that they had a right to participate in the examination to be conducted by the Trustee.

3.  Plaintiffs showed no compelling reason why they should be allowed to participate.

4.  Plaintiffs have not moved to conduct their own Rule 2004 examination.

5.  There were unresolved issues with a subpoena issued by Plaintiffs to Sokolosky.

(Bankruptcy Case Docket No. 34).

Thus, at the time of Sokolosky's deposition on March 27, 2009, the Bankruptcy Court had expressly denied Wilkinson's motion to participate in the questioning of Sokolosky.  This important fact should have been made clear by the Plaintiffs. Furthermore, Judge Michael's Order specifically provides that the Plaintiffs could seek to take their own Rule 2004 examination of Sokolosky.  *Id.*  Nevertheless, in the 6½ months since Judge Michael's Order, Plaintiffs have not done so.  This is further evidence that Plaintiffs have been dilatory in pursuing available discovery and that the Motion for Limited Discovery is without merit.

Accordingly, for the reason set forth above the Court finds that Plaintiffs' Motion for Limited Discovery should be **DENIED**.

**Plaintiffs shall respond to the Combined Motions by October 23, 2009.**

IT IS SO ORDERED this 16th day of October 2009.

_____

Paul J. Cleary
United States Magistrate Judge